RuffiN, Chief Justice,
 

 after stating the case as above, proceeded: In the opinion of the Court, the objection taken at the bar is. in this case, well founded. It might, indeed, admit of much consideration, whether an award fairly made by an arbitrator, could be annulled, because a fact, which existed, was not communicated by one of the parties to the arbitrator or to the opposite party, when the person, in whose fa- , T , 1 , , , , vour the award is, had not undertaken to state the whole case, but the award was made upon a case agreed by counsel. Assuming, however, that silence upon such an occasion
 
 1
 
 * will deprive the party of the benefit of the award, as having been obtained by fraud on the arbitrator, the plaintiff must here fail, for want of proof of the fraud. It consists in cealing the facts that the defendant, Jesse Speight, had ad ed, concurred in and urged the filing of the bill by Thomas Speight. The fact of such urgency, concurrence, or and. indeed, all knowledge that Thomas intended to file a bill, is directly and unequivocally denied; aud much more, therefore, is the alleged fraudulent suppression denied. The testimony of the witness is by no means clear and It is quite vague and unsatisfactory. It amounts to hardly more than this, that the sureties, to whom he mentioned
 
 *284
 
 purpose, would not oppose it: they said,
 
 “
 
 it was nothing a* ™ss — ^ not 0kjec,;-” Blit they did not assent, or say or do any thing that could be construed into concurrence, or 'more ^lan mere acquiescence in their principal’s pursuing his own course in defending himself. If a single witness could, therefore, overrule an. answer, it could not be one making such a statement, in contradiction of the answer, as that before us. But the answer is not, like the deposition, equivocal; nor is it evasive; but it is clear, precise and positive in its denial, and directly responsive to the bill on this point. It is not disproved or discredited in this part, by what is found-in any other part of it; and there is no circumstance in the case to corroborate the representation of the single witness, even in its present unsatisfactory shape. The settled rule in this Court is, that the answer must prevail in such a case.
 

 The bill must, therefore, be dismissed with costs to the defendants, Jesse and the administrator of Lemon Speight.
 

 Per Curiam. Bill dismissed.